1

2

3

4

5

6

7

8      IN THE UNITED STATES DISTRICT COURT

9      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL L. OVERTON,

11           Plaintiff,                           No. 2:11-cv-2197 JFM (PC)

12   vs.

13   TWENTIETH CENTURY INVESTORS, et al.,

14           Defendants.                          <u>ORDER</u>

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.

18           The federal venue statute requires that a civil action, other than one based on

19   diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if

20   all defendants reside in the same State, (2) a judicial district in which a substantial part of the

21   events or omissions giving rise to the claim occurred, or a substantial part of property that is the

22   subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

23   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

24           In this case, none of the defendants reside in this district.  The claim arose in San

25   Luis Obispo County, which is in the Central District of California.  Therefore, plaintiff's claim

26   should have been filed in the United States District Court for the Central District of California.

1

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: October 11, 2011.

UNITED STATES MAGISTRATE JUDGE

/md014;over2197.21

2